UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Presidential Candidate Number P60005535
"also known as" (aka) RONALD SATISH
EMRIT, & Presidential Committee/Political
Action Committee/Separate Segregated Fund　　**MEMORANDUM & ORDER**
(SSF) Number C00569897 d/b/a United Emrits　　25-CV-2873 (PKC) (TAM)
of America,

　　　　　　　　　　　Plaintiff,

　　　　　　- against -

ERIN BURNETT, Outfront of Cable News
Network (CNN) Perhaps "Madame President,"
The Hypothetical Erin Burnett for President
2028 Campaign, *et al*.

　　　　　　　　　　　Defendants.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

　　On November 17, 2025, Plaintiff Ronald Satish Emrit, proceeding *pro se*, filed this action against Defendants Erin Burnett; Volodymyr Zelensky; the Estate of Alexei Navalny; the Estate of Ruth Bader Ginsberg; and others, including individuals residing in Ukraine, Poland, Spain, Colombia, Panama, the Canary Islands, and Florida. (Compl., Dkt. 1, at ECF[1] 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") for purposes of this decision. (IFP Mot., Dkt. 2.) For the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

　　Plaintiff's Complaint contends that Defendant Burnett made racist comments, defamed Presidents Trump and Clinton by insinuating that they were on a client list maintained by Jeffrey

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Epstein, and spent too much time covering stories about Alexei Navalny and Volodymyr Zelensky. (Compl., Dkt. 1, at ECF 10–12.)  Plaintiff also contends that Burnett made condescending comments towards the daughter of Steph and Ayesha Curry. (*Id.* at ECF 9, 13.)  Plaintiff seeks an injunction against CNN preventing it from defaming Donald Trump and requiring it to apologize for the remarks made about Steph Curry's daughter. (*Id.* at ECF 13)

Plaintiff's Complaint also makes the following allegations: 1) he "wishes that the defendant Erin Burnett . . . would hurry up and run for president in 2028 so that [he] can get back to his amazing music career in which he has won awards from American Idol Underground" and others; 2) he has filed lawsuits against Elon Musk and Sean Combs, whom "nobody likes"; 3) his father won awards from the Nuclear Regulatory Commission in Rockville, Maryland; 4) he won an NAACP scholarship; 5) his father played steel pan music for Robert F. Kennedy, the father of the current Health and Human Services director; 6) "cosmic microwave background radiation was discovered in 1965"; 7) Plaintiff has been trying to obtain a patent for "three groundbreaking and novel ideas related to quantum mechanics, astrophysics, special relativity, and general relativity and to a lesser extent, biomedical engineering and electrical engineering"; 8) electron orbitals are in the form of an electron wave, and are connected to the "Captain EO" movie at Epcot, which stars Michael Jackson; 9) a woman named Maria Cherniavska committed intentional infliction of emotional distress by deactivating her WhatsApp account without informing Plaintiff; and 10) "the Hooters restaurant in A1A and Las Olas in Fort Lauderdale . . . has something to do with cancer genes, oncogenes, retroviruses, and doll eyes." (*Id.* at ECF 2–10.)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court may dismiss a *pro se* action *sua sponte* under certain circumstances. A court may dismiss an IFP action under 28 U.S.C. §

2

1915(e)(2)(B) where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). "An action is frivolous if it lacks an arguable basis in law or fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" *Scanlon v. Vermont*, 423 Fed. Appx. 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (alteration in original)); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Separately, a district court may dismiss a *pro se* complaint *sua sponte* where it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

At the same time, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

3

## DISCUSSION

The Court dismisses Plaintiff's Complaint for two, independent reasons. First, the Court lacks subject matter jurisdiction. Plaintiff's Complaint only alleges tortious conduct by Defendants, (Compl., Dkt. 1, at ECF 10–12), and therefore does not satisfy the requirements for federal question jurisdiction, *see* 28 U.S.C. § 1331; *Ordonez v. USAA*, No. 11-CV-5286 (HB), 2013 WL 837599, at *3 (S.D.N.Y. Mar. 6, 2013) (concluding that, because a plaintiff "brings only state tort claims and does not bring any cause of action implicating federal law," the court lacked federal question jurisdiction). Nor does Plaintiff's Complaint meet the requirements for diversity jurisdiction, as he admits that he is seeking an amount in controversy of $0. (Compl., Dkt. 1, at ECF 6–7); 28 U.S.C. § 1332(a) (establishing an amount in controversy requirement of $75,000); *Surgicore of Jersey City v. Anthem Life & Disability Ins. Co.*, No. 19-CV-3482 (BMC), 2020 WL 32447, at *2 n.1 (E.D.N.Y. Jan. 2, 2020) (determining the court lacked diversity jurisdiction because the alleged amount in controversy was less than $75,000). Thus, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Second, and in the alternative, the Court must dismiss Plaintiff's Complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Although the Court must grant Plaintiff's complaint the most liberal interpretation, Plaintiff's allegations concerning his music career, his father, Hooters, and electrons are exactly the kinds of delusory allegations courts have refused to entertain. *See Soto v. Tesla Inc.*, No. 25-CV-1544 (LLS), 2025 WL 1591794, at *3 (S.D.N.Y. June 4, 2025) (dismissing as frivolous a plaintiff's allegations that "Elon Musk, Rupert Murdoch, and their companies have experimented on him, directed others to harass and intimidate him, and sent him inappropriate videos"); *see also Taylor v. Securus Techs., Inc.*, No. 25-CV-1416, 2025 WL 1181713, at *2 (E.D.N.Y. Apr. 23, 2025) (dismissing the complaint as frivolous in light of the plaintiff's allegations that "a group of civilians hacked Securus Technologies' servers and

exploited the surveillance system, publicly broadcasting Plaintiff's private experiences on social media"); *Emrit v. Combs*, No. 24-CV-0213, 2024 WL 168331, at *2 (E.D.N.Y. Jan. 16, 2024) (dismissing a plaintiff's complaint upon finding it lacked an arguable basis in law or fact), *appeal dismissed*, No. 24-406, 2024 WL 3858937 (2d Cir. July 26, 2024).  The Court thus concludes that Plaintiff's allegations are meritless and lack a basis in reality.

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  But a court has inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123–24 (2d Cir. 2011).  Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

### ORDER TO SHOW CAUSE REGARDING FILING INJUNCTION

In dismissing this action, the Court takes judicial notice of the fact that Plaintiff has filed over one thousand cases in the federal courts across the country.[2]  The Court has previously warned Plaintiff that "filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court." *See Emrit v. Musk*, No. 25-CV-0060, 2025 WL 307139, at *2 (E.D.N.Y. Jan. 27, 2025); *Emrit v. Combs*, 2024 WL 168331, at *2.  Given Plaintiff's litigation history, he is ordered to show cause by written affirmation within 30 days of this Order, why he

---

[2] See PACER, www.pacer.gov (last visited Nov. 18, 2025); *see Emrit v. Combs*, 2024 WL 168331, at *2 (taking judicial notice of Plaintiff's "multitude of federal complaints").

should not be barred from filing any future IFP actions in the United States District Court for the Eastern District of New York without first obtaining permission from the Court to do so. If Plaintiff fails to show cause within 30 days of the entry of this Order or should his affirmation fail to set forth good cause why an injunction should not be entered, he will be barred from filing any further IFP actions in this Court without prior Court permission. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *Emrit v. Musk*, 2025 WL 307139, at *2.

## CONCLUSION

Plaintiff's Complaint, filed *in forma pauperis*, is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff is ordered to show cause by written affirmation, within thirty (30) days of the entry of this Order, why he should not be barred from filing any further IFP actions in this Court without first obtaining permission from the Court to do so. All further proceedings shall be stayed until the Plaintiff's time to file his written affirmation has expired.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 24, 2025
       Brooklyn, New York